# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 14-223V
May 9, 2014
Not to be Published

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
CYNTHIA WINWARD, Legal Representative *
of a Minor Child, JAMES WINWARD, *
*
Petitioner, *
*
v. * Hepatitis B vaccine;
* hydrocephalus; cerebral
* palsy; alloimmune
SECRETARY OF HEALTH * thrombocytopenia; factor
AND HUMAN SERVICES, * XIII deficiency; motion to
* dismiss in order to sue civilly
Respondent. *
*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Erik L. Peterson, Washington, DC, for petitioner.
Claudia B. Gangi, Washington, DC, for respondent.

**MILLMAN, Special Master**

**DECISION**[1]

Petitioner filed a petition on March 24, 2014, under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006). Petitioner alleges that hepatitis B vaccine caused her son's hydrocephalus, cerebral palsy, alloimmune thrombocytopenia, ventriculomegaly, bilateral subdural hematomas, anemia, spastic quadriplegia, and optic atrophy. Pet. ¶ 21.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

During the first telephonic status conference on April 10, 2014, the undersigned discussed with counsel the issue of whether or not the hospital or hospitals that treated petitioner's son had given him appropriate treatment and whether petitioner would consider moving to dismiss her petition to pursue a civil action. Civil remedies might exceed the award petitioner would receive under the Vaccine Program, assuming petitioner prevailed in this action. The undersigned issued an Order on April 10, 2014 delineating petitioner's choices to proceed or to dismiss.

On May 9, 2014, the undersigned held another telephonic status conference during which petitioner made an oral motion to dismiss so that she could pursue a civil action against the hospital or hospitals that treated her son.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this case.

**DISCUSSION**

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

Althen, 418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

The Vaccine Act does not permit the undersigned to rule for petitioner based on her claims alone, "unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1) (2006).

Petitioner intends to pursue her option to sue civilly the hospital or hospitals that treated her son and moves to dismiss the petition in order to do so. Since that is her intent, petitioner has not provided an expert medical report in support of her allegations.

The undersigned **GRANTS** her motion. This petition is hereby **DISMISSED.**

## CONCLUSION

This petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: May 9, 2014

s/Laura D. Millman
Laura D. Millman
Special Master

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.